STATE OF IOWA v. JOHN McCOY, Appellant.

**Veterinaries:** PRACTICE WITHOUT A CERTIFICATE: PUNISHMENT. A veterinary of good moral character who had practiced his profession in this state for five years prior to the passage of the statutes regulating the right to practice and prescribing punishment for a violation of the act, is not guilty of violating the law by failure to apply for and receive a certificate to practice, as the law does not prohibit one thus qualified from practicing without a certificate.

*Appeal from Ida District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, DECEMBER 15, 1910.

THE defendant was accused in an information filed with Wm. Shippmann, Esq., a justice of the peace, of having doctored a horse belonging to Albert Erickson "as a veterinary surgeon and charged and received $3 for the work he did as such veterinary surgeon," although without a license to so practice. He was convicted and appealed to the district court, where he was tried again and sentenced to pay a fine of $25, from which judgment he has again appealed.—*Reversed.*

*Johnston Bros.,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

LADD, J.—The accused had been a man of good moral character for twenty-five years and for more than five years prior to July 4, 1902, had practiced his profession of veterinary medicine, surgery, and dentistry in this state, but had never applied to the state board of veterinary examiners for a certificate of qualification to so practice nor received the same. For this reason, the state contends that he is amenable to the penalties of section 2538-1, Code Supp. 1907, declaring that, "any person violating any of the provisions of this act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars or by imprisonment in the county jail for a period of not more than thirty days for each and every such offense."

Upon a careful reading of the act, we have been unable to discover any provision the accused has violated. The first section (section 2538a) declares it to be unlawful for any person to practice the veterinary science in this state "who shall not have complied with the provisions of the act." Section 2538b provides that "any person of

good moral character who has practiced the profession of veterinary medicine, surgery, and dentistry in this state for a period of five years immediately preceding the passage of the act of which this is an amendment shall be deemed eligible to registration as an existing practitioner upon presenting to the board of veterinary medical examiners, created by the act of which this is an amendment, satisfactory evidence that such person is of good moral character and that such person has actually practiced veterinary medicine, surgery and dentistry in the state of Iowa for a period of five years immediately preceding the passage of the act of which this is an amendment, application for such registration to be made before July 4, 1902." Under the next section, those holding diplomas from certain institutions are entitled to registration as existing practitioners upon application prior to July 4, 1902. The sections following relate to the organization and powers of the board of veterinary medical examiners. Section 2538g requires the board to receive applications mentioned and to issue certificates of qualification which "shall be conclusive as to the rights of the lawful holder of the same to practice veterinary medicine, surgery and dentistry in this state." Section 2538h relates to fees, and the section following to requirements and examination of those who desire to enter such practice after January 1, 1901, and the issuance of certificates on examination and certificates of registration or license from other states or foreign countries. The other sections of the act relate to details, none prohibiting anything, save section 2538n, which denounces the same penalty as section 2538-1, upon "any person who shall, without having been authorized so to do legally, append any veterinary title to his name or shall assume or advertise any veterinary title in such a manner as to convey the impression that he is a lawful practitioner of veterinary medicine or any of its branches."

No charge of undertaking to wear such a title is lodged against the accused and the act will be searched in vain for any prohibition of any person who had engaged in the practice of the veterinary science prior to January 1, 1901, from continuing such practice *ad libitum*. True, if he had practiced five years and was of good moral character, he was "eligible to registration as an existing practitioner," and upon timely application might have received a certificate of qualification, and this would have been conclusive evidence of his right to practice. But suppose he concluded to continue his practice without procuring such certificate. Nothing in the act prohibited him from so doing. It is nowhere denounced as unlawful, and, not being in violation of "any of the provisions of the act," did not constitute a misdemeanor, within the meaning of the statute quoted. It is to be borne in mind that statutes in their nature penal are to be strictly construed. Nothing may be added by implication and even though it may have been the design of the Legislature that all practitioners of the veterinary science for compensation be armed with certificates from the veterinary board, it is not so written, and in construing a criminal statute we are not permitted to read into it what the lawmakers, for reasons which are easily imagined, in their wisdom omitted.

The defendant had committed no offense, and he should have been acquitted.—*Reversed*.